Filed 4/15/14  P. v. Gonzalez CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>PASCUAL LEYVA GONZALEZ,<br><br>    Defendant and Appellant. | 2d Crim. No. B249907<br>(Super. Ct. No. 1366556)<br>(Santa Barbara County) |

Pascual Leyva Gonzalez was charged with four counts of forcible oral copulation (Pen. Code, § 288a, subd. (c)(2)),[1] three counts of rape (§ 261, subd. (a)(2)), two counts of forcible sodomy (§ 286, subd. (c)(2)), three counts of inflicting injury on a cohabitant (§ 273.5, subd. (a)), two counts of making criminal threats (§ 422), child abuse (§ 273a, subd. (a)), false imprisonment (§ 236) and kidnapping (§ 209, subd. (b)(1)).  The indictment included use of a deadly weapon (§ 12022, subd. (b)(1)), kidnapping (§ 667.8) and one "strike" (§ 667.61) allegations.

---

[1] All statutory references are to the Penal Code.

Gonzalez brought two unsuccessful *Marsden*[2] motions, an unsuccessful *Miranda*[3] motion and a partially successful *Pitchess*[4] motion. Shortly before trial, Gonzalez rejected a plea offer of a 14-year prison term with dismissal of the sex-related crimes. After two days of jury selection, Gonzalez waived his trial rights, and pled no contest to three sex offenses occurring on November 17, 2010: two counts of forcible oral copulation (§ 288a, subd. (c)(2)) and one count of rape (§ 261, subd. (a)(2)). The remaining charges were dismissed.

The plea agreement allowed the trial court to impose a sentence of up to 24 years on the three counts. Gonzalez was told: "It's entirely up to [the trial judge] to decide what your sentence would be. The minimum sentence you could receive would be three years. The maximum sentence you would receive would be 24 years, and it will be the Court who decides your sentence at your sentencing hearing." Gonzalez said he understood. He also acknowledged his sentence was subject to the discretionary full-term consecutive sentencing under section 667.6, subdivision (c).[5]

The trial court sentenced Gonzalez to 18 years in state prison. It designated one count of forcible oral copulation as the principal term, imposed the eight-year, upper-term sentence on that count, and added a two-year consecutive sentence on the rape count under section 1170.1, plus a mandatory eight-year, full-term consecutive sentence on the second oral copulation count under section 667.6, subdivision (d).[6] Recognizing the latter consecutive sentence may violate the plea agreement, it stated: "If I am in error . . . I would still impose a full-term discretionary consecutive sentence under 667.6(c)

---

[2] *People v. Marsden* (1970) 2 Cal.3d 118.

[3] *Miranda v. Arizona* (1966) 384 U.S. 436.

[4] *Pitchess v. Superior Court* (1974) 11 Cal.3d 531.

[5] Section 667.6, subdivision (c), states: "In lieu of the term provided in Section 1170.1, a full, separate, and consecutive term may be imposed for each violation of an offense specified in subdivision (e) [including oral copulation] if the crimes involve the same victim on the same occasion."

[6] Section 667.6, subdivision (d), states: "A full, separate, and consecutive term shall be imposed for each violation of an offense specified in subdivision (e) if the crimes involve separate victims or involve the same victim on separate occasions."

because of the separate nature of the offenses. The crimes did involve separate acts of violence." Gonzalez was awarded 902 days of custody credit.

After obtaining relief from default, Gonzalez filed a notice of appeal from the sentence and plea. The trial court granted his request for a certificate of probable cause. (§ 1237.5; Cal. Rules of Court, rule 8.304(b).)

Gonzalez and the victim had a six-year relationship. They lived together and had a young child. On November 17, 2010, Gonzalez arrived home to find the victim talking with one of his friends. Gonzalez assaulted the friend and accused the victim of cheating. Saying she had to be punished, Gonzalez drove the victim and their child to a remote park, where he forced her to engage in intercourse and oral copulation with him. She begged him to stop. When he was done, he whipped her with an electrical cord and then hit her in the head with a solid object. After they got home, he again forced her to orally copulate him.

The next day, Gonzalez slapped the victim several times and said he would forgive her only if she arranged an orgy for him. He then forced her to have vaginal, oral and anal sex with him. The abuse continued for three weeks, until Gonzalez told the victim he had reported her to child welfare services and threatened to take the child away. Her roommate convinced her to call the police.

Appointed counsel filed a brief raising no issues and requesting our independent review pursuant to *People v. Wende* (1979) 25 Cal.3d 436. On March 3, 2014, we notified Gonzalez that he had 30 days in which to advise us of any claims he wished us to consider. He submitted a two-page letter brief.

Gonzalez asserts that even though the trial court told him the plea agreement exposed him to a 24-year sentence, his "trial counsel . . . had previously informed [him] that if [he] took the deal [he] would not receive the full 24 years but would instead receive only 14 years." The record does not support this assertion. Gonzalez acknowledged, orally and in writing, that the agreement exposed him to a 24-year term. The only evidence of a 14-year deal involved the previously rejected offer.

3

Having examined the entire record, counsel's *Wende* brief and Gonzalez's letter brief, we are satisfied appointed counsel has fully complied with his responsibilities and that no arguable issues exist.  (*People v. Kelly* (2006) 40 Cal.4th 106, 123-124; *People v. Wende*, *supra*, 25 Cal.3d at p. 441.)

The judgment is affirmed.

NOT TO BE PUBLISHED.


PERREN, J.


We concur:



GILBERT, P. J.



YEGAN, J.


4

Jean M. Dandona, Judge

Superior Court County of Santa Barbara

_____

California Appellate Project, Jonathan B. Steiner, Richard B. Lennon, under appointment by the Court of Appeal; Pascual Leyva Gonzalez, in pro. per., for Defendant and Appellant.

No appearance for Plaintiff and Respondent.